**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD RAGER,** | : | **CIVIL NO. 3:15-CV-2343** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **SCI RETREAT SUPERINTENDENT** | : | |
| **T. DELBALSO,** | : | |
| | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the court is a civil rights complaint filed by Ronald Rager ("plaintiff"), a state inmate who at all times relevant was incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat"), Pennsylvania. (Doc. 1.) The sole defendant is Superintendent T. Delbalso. Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.   Standards of Review**

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that the action "(i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. §1915(e)(2)(B)(i) - (iii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II.    Allegations of the Complaint

Plaintiff alleges that "[t]he superintendent refused to protect my safety by transferring the inmates that assaulted me by letting the two inmates back out in general population were [sic] they can re assault me if they want to." (Doc. 1, p. 2). He seeks monetary damages, release from prison, and a Z-code designation until his release from SCI-Retreat. (Doc. 1, at 2-3).

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

2

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

First and foremost, plaintiff fails to allege the violation of a right secured by the Constitution as he is simply asserting that the alleged failure to protect him might result in future injury. The courts within the Court of Appeals for the Third Circuit have found that a plaintiff's failure to protect claim cannot proceed in the absence of a serious injury. See Matthews v. Villella, 381 F. App'x 137, 139 (3d Cir.2010) (affirming district court's dismissal of failure to protect claim, finding that the plaintiff's "alleged injuries do not rise to the level of 'serious harm,' and he has not alleged a 'pervasive risk of harm' from this single incident"); Jones v. Pugh, Civ. No. 10-0359, 2011 WL 5244422, at *13 (M.D.Pa. Oct. 6, 2011) (finding that the plaintiff "had not met either the objective or subjective element of a failure to protect claim . . . since the evidence shows that the alleged single push by [the defendant] and [the plaintiff's] injury were only minor"). Here, plaintiff has not suffered any physical injury as a result of the release of past assailants into general population.

Significantly, even if he successfully alleged a constitutional violation, he is not entitled to any of the relief he seeks. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, restricts a prisoner's ability to recover compensatory damages for solely mental and emotional injuries. "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Court of Appeals in Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir.2003), held that in order to satisfy § 1997e(e)'s physical injury requirement, a plaintiff must demonstrate a less than significant, but more than *de minimis* physical injury. Id. at 536. "[T]he prevailing view is that physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional." In re Bayside Prison Litig., No. 09-2365, 2010 WL 4916716, at \*3 (D.N.J. Nov.23, 2010) (citations and internal quotation omitted). Even if plaintiff stated a constitutional violation, he is unable to recover compensatory damages because he failed to suffer a physical injury because of the alleged emotional trauma of the release of past assailants back into general population.

Further, to the extent that he seeks release from prison, this is clearly not an available remedy. As concerns his request for Z-code status, federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). The "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990). See also, Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186,

4

192-93 (3d Cir. 2001) (stating "Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the merit of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). What was once a live case or controversy may become moot if (1) the alleged violation has ceased and there is no reasonable expectation that it will recur, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). As plaintiff has since been transferred from SCI-Retreat, his request for Z-code status based on the presence of past assailants circulating in the general population at SCI-Retreat is rendered moot.

**IV.    Leave to Amend**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2). Based upon the nature of the allegations, and the subsequent transfer from SCI-Retreat, it is clear that affording plaintiff an opportunity to amend would be futile.

**V.    Conclusion**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).   An appropriate order will issue.

                **BY THE COURT:**

                **s/James M. Munley**
                **JUDGE JAMES M. MUNLEY**
                **United States District Court**

Dated:   May 6, 2016